USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JOSE JOAQUIN RAMIREZ,
                       Plaintiff,

           -against-

NEW YORK CITY/DEPARTMENT OF
CORRECTIONS, et al.,
                      Defendants.
------------------------------------------------------------ X

17 Civ. 10171 (LGS)

**OPINION & ORDER**

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Jose Joaquin Ramirez brings this action under 42 U.S.C. § 1983 for events surrounding his stay at the Kirby Forensic Psychiatric Facility ("Kirby"), a New York state facility. The Court previously dismissed Plaintiff's Complaint, but allowed Plaintiff to replead. For the reasons below, the Amended Complaint is dismissed without further leave to amend.

**I.    BACKGROUND**

The facts alleged in the Amended Complaint are assumed to be true only for purposes of this motion. *See TCA Television Corp. v. McCollum*, 839 F.3d 168, 172 (2d Cir. 2016); *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016).

**A.  Procedural History**

Plaintiff is a defendant in a New York state criminal proceeding, and is currently released on bail and awaiting trial. From November 2017 to February 2018, Plaintiff was at Kirby by order of the state court, after that court found Plaintiff was temporarily unfit to stand trial. Plaintiff filed this action in December 2017, against New York City, the Department of Corrections ("DOC") and several Kirby employees, seeking an injunction for his release from Kirby and money damages under § 1983. Plaintiff alleged that he was not mentally ill and was

falsely imprisoned and enslaved at the facility. Chief Judge McMahon *sua sponte* dismissed the Complaint, but the Second Circuit remanded for consideration of whether the Complaint stated any viable § 1983 damages claims.

After the case was reassigned to this Court, the Complaint was dismissed on September 28, 2018, for failing to plausibly allege that (1) any of Plaintiff's constitutional rights had been violated or (2) a state actor had personally violated those rights, as required under § 1983. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Theories that Plaintiff's stay at Kirby resulted in his enslavement, false imprisonment and violation of due process rights were rejected. Defendants were all dismissed. One Kirby Defendant, Dr. John Gianne, who allegedly had examined Plaintiff to determine if he was unfit to stand trial, was dismissed for immunity as a quasi-judicial court-appointed officer. Defendant DOC was dismissed as a non-suable entity. Defendant City of New York was dismissed under *Monell v. Dep't of Social Services of New York*, 436 U.S. 658 (1978), because municipal liability requires predicate official liability, which the Complaint failed to plead. Plaintiff was granted leave to amend with specific instructions on how to cure the Complaint's deficiencies.

**B. Allegations in the Amended Complaint**

On January 24, 2019, Plaintiff filed his Amended Complaint. It names some Kirby employees from the original Complaint as Defendants, including Dr. Gianne (together, the "Kirby Defendants"). It also adds new Defendants: the New York State Office of Mental Health ("OMH"), Legal Aid Society attorney Jeffrey C. Bloom and Judge George Villegas, who presided over Plaintiff's New York criminal action.[1]

---

[1] Judge Villegas and Attorney Bloom have been dismissed. Judge Villegas is entitled to judicial immunity. *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Defendant Bloom, a private attorney, cannot be sued as a state actor under § 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288,

2

The Amended Complaint alleges that Plaintiff has never suffered from a mental illness. Although Defendants knew that Plaintiff was not incompetent, they acted "in concert" to falsely label him incompetent. Attorney Bloom created fraudulent documents to perpetuate the myth of Plaintiff's incompetence, and he conspired with Judge Villegas to preclude Plaintiff from accessing the court. As a result, there "was never any legal process to get [Plaintiff] to the madhouse at Kirby." OMH moreover "has policies upon which it makes it nearly impossible for false commitments to be released," resulting in Plaintiffs "enslavement" at Kirby.

The Kirby Defendants pushed for Plaintiff's continued detention at their facility, refused to petition the New York court for his release and became angry and vindictive when he challenged their authority. Unlike the original Complaint, the Amended Complaint alleges that Dr. Gianne was not one of the doctors who performed his fitness examination. Instead, he was "like a warden" who held Plaintiff "hostage" and was "directly responsible" for Plaintiff's "extended stay" at Kirby. He and another Kirby Defendant allegedly "uph[e]ld" Plaintiff's stay at the "madhouse," "ke[pt] up the original fraud," and gave Plaintiff medication that he did not need, and which Plaintiff secretly stopped taking because the medicine was mind-numbing and dulling. Another Kirby Defendant offered Plaintiff only "class sessions" for therapy, and not the "one on one" therapy sessions that Plaintiff was supposed to receive.

The Amended Complaint also alleges new facts regarding Plaintiff's stay at Kirby, including that: he was given access to a pen for only "very limited narrow time periods." There was no chair or printer paper provided at a Lexis/Nexis kiosk, requiring him to stand for "hours" while doing legal research. There is no programming or activities, except watching television. Plaintiff was required to rise at 7:00 a.m., which deprived him of adequate sleep. There was a

---

295 (2001)). In a prior case in this district brought by Plaintiff which asserted similar claims (No. 18 Civ. 6203), a November 11, 2018, opinion also dismissed both parties as defendants.

3

problem with mice.  Plaintiff could not eat, go to the commissary or engage in other activities when he wanted to, because the "Kirby Madhouse controls every minor detail of the slaves['] lives."

Plaintiff requests both injunctive and monetary relief again.  He seeks to enjoin Defendants from sending him to Kirby or any other mental health facility, to remove the individual Defendants' professional licenses and to declare that Plaintiff has been detained for unduly long without a "single fair hearing and without any type of judicial trial."  He also seeks $1 million in damages for "each day of unlawful enslavement."  The Amended Complaint attaches several hundred pages of documents, including those filed in other cases, state court records and transcripts and medical records.

## II.     STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  It is not enough for a plaintiff to allege facts that are consistent with liability.  The complaint must "nudge[]. . . claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor."  *Apotex Inc.*

*v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306 (2d Cir. 2015)).

Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation . . . of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 156–57 (quoting *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007)). "We afford a pro se litigant 'special solicitude' by interpreting a complaint filed pro se 'to raise the strongest claims that it suggests.'" *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

### III. DISCUSSION

#### A. Previously Raised Claims

The prior Order dismissed the unlawful enslavement, false imprisonment and due process claims. The Amended Complaint asserts these claims again but does not provide any new allegations to support them or otherwise cure the deficiencies. These claims are dismissed for the reasons previously stated.

The Second Circuit affirmed the earlier dismissal of Plaintiff's claims for injunctive relief under *Younger v. Harris*, 401 U.S. 37 (1971). Because the Amended Complaint raises substantially similar claims -- to enjoin the New York state court from transferring Plaintiff to a mental health facility and to compel state licensing authorities to strip Defendants' licenses -- these claims are dismissed. *See Jose Joaquin Ramirez v. City of New York*, No. 18 Civ. 1464 (2d

5

Cir. Aug. 8. 2018); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435-36 (1982) (federal action implicating state licensing proceedings is subject to *Younger* abstention); *accord Mir v. Shah*, No. 11 Civ. 5211, 2012 WL 3229308, at *3 (S.D.N.Y. Aug. 8, 2012), *aff'd*, 569 F. App'x 48 (2d Cir. 2014), and *aff'd*, 569 F. App'x 48 (2d Cir. 2014).

### B. Conditions-of-Confinement Claims

Plaintiff previously complained about the *fact* of his custody at Kirby, but not about the conditions there. The Amended Complaint recasts these allegations as unconstitutional conditions-of-confinement claims under § 1983. These claims still fail.[2]

Since Plaintiff was a pretrial detainee at the time of the allegations, his conditions-of-confinement claims arise under the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). These claims have two prongs: first, "an 'objective prong' [where] the challenged conditions [must be] sufficiently serious to constitute objective deprivations of the right to due process." *Id* at 29. If the condition is deprivation of medical care, it must "pose an unreasonable risk of serious damage to [Plaintiff's] health." *Id.* at 30 (quoting *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012)). Second, a subjective prong requires that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. An official acting "merely negligently" is not sufficient. *Id.* at 36.

---

[2] While administrative exhaustion is required to recover for prison conditions under § 1983, a court need not dismiss a complaint that does not plead exhaustion, though a court has discretion to do so, if failure to exhaust is "clear on the face of the complaint." *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016). The Amended Complaint does not clearly plead whether Plaintiff exhausted his administrative remedies. The conditions-of-confinement claims are insufficient in any case.

6

The Amended Complaint fails both prongs. Its primary theory is that Plaintiff was not mentally ill and his treatment was extraneous and harmful. It claims that Defendants intentionally conspired to create this situation. But these conclusory statements, unsupported by factual allegations, even assumed to be true, fail to show that Plaintiff was objectively at risk or that Defendants had the required state of mind.

A complaint must do more than disagree with medical diagnosis and treatment. Case law applying the Eighth Amendment -- the basis for *post-trial* detainees' conditions-of-confinement claims -- is instructive. *See Darnell*, 849 F.3d at 37 (a pre-trial detainee's "rights are at least as great as the Eighth Amendment protections available to a convicted prisoner"). "It is well-established that mere *disagreement* over the proper treatment does not create a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (emphasis added). "[A]llegations of medical malpractice are generally insufficient to state a claim . . . [because] the ultimate decision of whether or not to administer a treatment or medication is a medical judgment that, without more, does not amount to" constitutional deprivation. *Washington v. Westchester Cty. Dep't of Corr.,* No. 13 Civ. 5322, 2014 WL 1778410, at *6 (S.D.N.Y. Apr. 25, 2014). *See Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) (decisions of mental health professionals are "presumptively valid," but this presumption may be overcome where there is "a substantial departure from accepted professional judgment, practice, or standards."); *accord Lombardo v. Freebern*, No. 16 Civ. 7146, 2018 WL 1627274, at *18–19 (S.D.N.Y. Mar. 3, 2018). The Amended Complaint makes blanket statements of medical malpractice but does not plead anything further -- for instance, that Defendants' behavior departed significantly from accepted professional standards -- to support such claims.

The other allegations that Kirby has little programming, Plaintiff must follow a schedule and wake up at a particular time, are not "sufficiently serious" to be unconstitutional.

7

Conditions-of-confinement claims require "the deprivation of . . . [an] identifiable human *need* such as food, warmth, or exercise." *See Darnell*, 849 F.3d at 30 (emphasis added); *see also Willey v. Kirkpatrick*, 801 F.3d 51, 66 (2d Cir. 2015) (the Constitution "does not mandate comfortable prisons. . . but prisons nevertheless must provide humane conditions of confinement."). That Plaintiff was not free to follow his own schedule or disliked Kirby's activities did not deprive him of a basic need.

As for the allegations of mice, there may be "unsanitary conditions that do not amount to a constitutional violation." *Willey*, 801 F.3d at 68. For conditions to be unconstitutional, their "duration and . . . severity [must] . . . offen[d] [the] prisoner's dignity." *See id.* Instances of unsanitary unconstitutional conditions -- such as confining an inmate in a cell where the toilet was broken for over a week, feces and urine smeared the walls and there was no airflow -- are orders of magnitude more extreme than Plaintiff's allegations of mice, a common, though noxious, pest. *See Darnell*, 849 F.3d at 30 (discussing *Willey*, 801 F.3d at 55, 58, 68). The conditions-of-confinement claims are dismissed.

**C.     Access-to-Courts Claims**

Plaintiff further alleges that while he was detained at Kirby, he was denied regular access to a pen and paper, and that he had to stand for "hours" while doing legal research because there was no chair at the Lexis/Nexis kiosk. These allegations are construed as a claim that Defendants deprived Plaintiff of his constitutional right to access to courts.

This right entitles detainees to "legal materials to prepare a case. . .[including] paper and pens to draft legal documents," *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008), and "adequate law libraries or adequate assistance from persons trained in law." *Bourdon v. Loughren,* 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 824-28

(1977)); *see Willey*, 801 F.3d at 69.[3] While the right ensures a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts," it does not require prison authorities to furnish detainees with unlimited resources. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds*, 430 U.S. at 825). A plaintiff must plead an injury, or that denial of a resource "frustrated" or "impeded" his ability to assert a "non-frivolous legal claim." *Id.* at 353–54.

The Amended Complaint fails to allege that Plaintiff was injured or deprived of any necessary legal resources. It does not identify any legal claim that Plaintiff was unable to present. Indeed, the length of the Amended Complaint -- 310-pages -- belies this claim. Although Plaintiff did not have constant access to a pen and paper, Plaintiff apparently was afforded use of a typewriter, significant amounts of paper and "hours" of time to do legal research. *See*, *e.g.*, *Means v. Rockland Cty. Corr. Facility*, No. 18 Civ. 8290, 2019 WL 1596489, at *7 (S.D.N.Y. Apr. 15, 2019) (Plaintiff failed to state a claim where he had "access to materials to submit to the Court [his] handwritten complaint and other documents in this case," and did not allege he was "hindered" in pursuing litigation); *Martinez v. Healey*, No. 14 Civ. 302, 2014 WL 5090056, at *4 (S.D.N.Y. Oct. 10, 2014). The access-to-courts claim is dismissed.

**D.     Conspiracy Claims**

Plaintiff also alleges that Defendants and others acted "in concert" to falsely label him as incompetent and to detain him at Kirby. A § 1983 conspiracy claim requires (1) an agreement between state actors or between a state actor and a private entity, (2) to act in concert to inflict an unconstitutional injury, and (3) an overt act done in furtherance of that goal causing damages.

---

[3] Descended from the *Bounds* line of cases, the access-to-courts right is based on a variety of constitutional provisions, including the First and Fourteenth Amendments for a state pretrial detainee like Plaintiff. *See Christopher v. Harbury*, 536 U.S. 403, 413-15 & n.12 (2002); *Bourdon*, 386 F.3d at 92.

9

*See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002); *accord Davis v. Whillheim*, No. 17 Civ. 5793, 2019 WL 935214, at *14 (S.D.N.Y. Feb. 26, 2019). Speculative claims of a conspiracy under § 1983 are insufficient. *See, e.g., Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *accord Rose v. Garritt*, No. 16 Civ. 3624, 2018 WL 443752, at *9 (S.D.N.Y. Jan. 16, 2018). The Amended Complaint contains no allegations that Defendants' diagnosis and treatment of Plaintiff resulted from any agreement among Defendants, and fails to plead any constitutional violation, as discussed above.

### E. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 confirms the discretionary nature of supplemental jurisdiction."); *accord Asensio v. Roberts*, No. 19 Civ. 3384, 2019 WL 1877386, at *3 (S.D.N.Y. Apr. 26, 2019). "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures v. Bd. of Trade of the City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *accord Collins v. Lindstrom*, No. 18 Civ. 6696, 2018 WL 6547054, at *2 (S.D.N.Y. Nov. 26, 2018). The Second Circuit "takes a very strong position that state issues should be decided by state courts." *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017).

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting.

### F. Leave to Amend

District courts generally grant a *pro se* plaintiff leave to amend a complaint, but leave may be denied if the plaintiff has already been given a prior opportunity to amend and failed to cure the deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *accord Mauro v. Legal Aid Soc'y*, No. 18 Civ. 7597, 2018 WL 6980953, at *2 (S.D.N.Y. Dec. 17, 2018).

The Court has granted Plaintiff a prior opportunity. The Amended Complaint did not cure the deficiencies or raise any new theories capable of withstanding dismissal. Leave to amend a second time is therefore denied.

## CONCLUSION

For the foregoing reasons, the Amended Complaint is dismissed without leave to amend.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for any appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 3, 2019
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**